IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, GLOUCESTER, NJ 08030<br><br>    Plaintiff,<br><br> v.<br><br>BAY BANCORP, INC.,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>ERIC D. HOVDE,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>PIERRE ABUSHACRA,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>ROBERT J. AUMILLER,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>STEVEN K. BREEDEN,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>MARK M. CAPLAN,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>HAROLD I. HACKERMAN,<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046 | CASE NUMBER:_____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

| | |
|---|---|
| **STEVEN D. HOVDE,**<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>**CHARLES L. MASKELL JR.,**<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>**JOSEPH J. THOMAS,**<br>7151 COLUMBIA GATEWAY DRIVE<br>SUITE A<br>COLUMBIA, MARYLAND 21046<br><br>And<br><br>**OLD LINE BANCSHARES, INC.,**<br>1525 POINTER RIDGE PLACE<br>BOWIE, MARYLAND 20716<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on September 27, 2017 (the "Proposed Transaction"), pursuant to which Bay Bancorp, Inc. ("Bay" or the "Company") will be acquired by Old Line Bancshares, Inc. ("Old Line").

2. On September 27, 2017, Bay's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Old Line. Pursuant to the terms of the Merger Agreement, if the merger is

completed, Bay stockholders will have the right to receive, for each share of Bay common stock they own, between approximately 0.4047 and 0.4600 shares of Old Line common stock, subject to certain adjustments. Specifically, each share of Bay common stock will be exchanged for a number of Old Line shares calculated by dividing $11.80 by the volume weighted average closing prices of Old Line common stock for the 20 trading days ending five trading days before the closing date of the Proposed Transaction, subject to a minimum average price of $25.65 and a maximum average price of $29.16 and adjustments for the proceeds recognized in the recent settlement of certain litigation and the resolution of certain loans.

3. On November 22, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Bay common stock.

9. Defendant Bay is a Maryland corporation and maintains its principal executive offices at 7151 Columbia Gateway Drive, Suite A, Columbia, Maryland 21046. The Company is the bank holding company for Bay Bank, a federal savings bank ("Bay Bank"). Bay's common stock is traded on the NasdaqCM under the ticker symbol "BYBK."

10. Defendant Eric D. Hovde ("E. Hovde") is the Chairman of the Boards of the Company and Bay Bank.

11. Defendant Pierre Abushacra ("Abushacra") is a director of the Company and Bay Bank.

12. Defendant Robert J. Aumiller ("Aumiller") is a director of the Company and Bay Bank.

13. Defendant Steven K. Breeden ("Breeden") is a director of the Company and Bay Bank.

14. Defendant Mark M. Caplan ("Caplan") is a director of the Company and Bay Bank.

15. Defendant Harold I. Hackerman ("Hackerman") is a director of the Company and Bay Bank.

16. Defendant Steven D. Hovde ("S. Hovde") is a director of the Company and Bay Bank. S. Hovde is the brother of E. Hovde.

17. Defendant Charles L. Maskell, Jr. ("Maskell") is a director of the Company and Bay Bank.

18. Defendant Joseph J. Thomas ("Thomas") is a director, and the President and Chief Executive Officer ("CEO") of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Old Line is a Maryland corporation with its principal executive offices located at 1525 Pointer Ridge Place, Bowie, Maryland 20716. Old Line is the bank holding company for Old Line Bank. Old Line's common stock is traded on the NasdaqCM under the ticker symbol "OLBK."

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Bay (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action. The Class is so numerous that joinder of all members is impracticable. As of November 6, 2017, there were approximately 10,717,889 shares of Bay common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent

5

counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

27. Bay, organized in 1990, is a savings and loan holding company headquartered in Columbia, Maryland, that is the parent company of Bay Bank, a federal savings bank, that is also headquartered in Columbia, Maryland. Until November 1, 2013, Bay operated under the name Carrollton Bancorp.

28. On July 8, 2016, Bay completed its merger with Hopkins Bancorp, Inc. ("Hopkins"), the parent company of Hopkins Federal Savings Bank ("Hopkins Bank"), in which Hopkins was merged into Bay, with Bay as the surviving corporation. Immediately following that merger, Hopkins Bank was merged into Bay Bank, with Bay Bank as the surviving federal savings bank.

29. Bay is focused on providing superior financial and customer service to small and

medium-sized commercial and retail businesses, owners of these businesses and their employees, to business professionals and to individual consumers located in the central Maryland region, through its network of 11 branch locations. Bay Bank attracts deposit customers from the general public and uses such funds, together with other borrowed funds, to make loans.

30. Bay Bank's mortgage division is in the business of originating residential mortgage loans. The mortgage banking business is structured to provide a source of fee income largely from the process of originating residential mortgage loans for sale in the secondary market. Mortgage banking products include Federal Housing Administration and Federal Veterans Administration loans, conventional and nonconforming first and second mortgages, and construction and permanent financing. Loans originated by the mortgage division are generally sold into the secondary market or retained by us as part of our balance sheet strategy.

31. At September 30, 2017, Bay had consolidated assets, deposits and stockholders' equity of approximately $651.6 million, $549.4 million, and $71.8 million, respectively.

32. On September 27, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Old Line.

**The Registration Statement Omits Material Information, Rendering It False and Misleading**

33. On November 22, 2017, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

35. The Registration Statement omits material information regarding Bay's and Old Line's financial projections, and the valuation analyses performed by Bay's financial advisors in connection with the Proposed Transaction, RP Financial, LC. ("RP Financial") and Hovde

Group, LLC ("Hovde Group").

36. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. In performing their valuation analyses and rendering their respective fairness opinions, Bay's financial advisors, RP Financial and Hovde Group, were provided and relied upon financial projections that were prepared by senior management of Bay. With the exception of net income projections used by Hovde Group in its Discounted Cash Flow Analysis, the Registration Statement fails to disclose the financial projections of Bay that were relied upon by RP Financial and Hovde Group, including, but not limited to, total assets, earnings, tangible book value, tangible equity, return on average assets, return on average equity, and non-performing assets. Instead, the section of the Registration Statement that describes the valuation analyses performed by Old Line's financial advisor, FIG Partners, LLC ("FIG"), contains certain limited financial projections of Bay that were explicitly adjusted by Old Line and FIG. The disclosure of Bay's actual, unadjusted financial projections that were relied upon by Bay's financial advisors is plainly material information to Bay's stockholders, who are being asked to approve a transaction in which they will forgo their investment in a standalone company and become minority investors in the combined company.

38. The Registration Statement, moreover, fails to disclose any financial projections

of Old Line. This information is necessary because Bay's stockholders will become Old Line stockholders following the close of the Proposed Transaction by virtue of the fact that they are receiving Old Line stock in the merger. Moreover, because these projections were used by FIG in its analyses to support its fairness opinion, they must be disclosed to the Company's stockholders.

39. With respect to each of RP Financial's and Hovde Group's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the projections of Bay that RP Financial and Hovde Group used to perform their analyses; (ii) the actual inputs and assumptions underlying the discount rate ranges selected by RP Financial and Hovde Group in their analyses; (iii) RP Financial's basis for selecting its chosen terminal value earnings and tangible book value multipliers; (iv) the amount and value of synergies that are expected to result from the Proposed Transaction, and whether and how RP Financial's and Hovde Group's analyses accounted for those synergies; and (v) the perpetuity growth rates implied from RP Financial's and Hovde Group's analyses.

40. With respect to each of RP Financial's and Hovde Group's Comparable Transactions Analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by RP Financial and Hovde Group in their analyses.

41. With respect to RP Financial's Control Premium Analysis and Hovde Group's Old Line Bancshares Comparable Companies Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by RP Financial and Hovde Group in their analyses.

42. The omission of this material information renders the Registration Statement false

and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Opinion of Old Line Bancshares' Financial Advisor; (ii) Opinion of RP Financial – Bay Bancorp's Financial Advisor; and (iii) Opinion of Hovde Group – Bay Bancorp's Financial Advisor.

43. The Registration Statement omits material information relating to potential conflicts of interest of RP Financial and Hovde Group. Due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, stockholders are entitled to the full disclosure of investment banker compensation and all potential conflicts of interest.

44. For example, the Registration Statement fails to disclose whether RP Financial has provided either Bay or Old Line with any advisory or other financial services in the past and, if so, the nature and timing of those past services, as well as the amount of compensation received for those services.

45. Further, the Registration Statement states that, "[i]n the past two years, Hovde Group has provided investment banking or financial advisory services to Bay Bancorp and Bay Bank," but it fails to disclose the nature and timing of those past services, as well as the amount of compensation received for those services. The disclosure of this information is particularly important in light of the fact that one of Bay's directors, S. Hovde, is also the President and CEO of Hovde Group, which S. Hovde and E. Hovde co-founded and which is expected to earn between approximately $1.25 million and $1.30 million in compensation in connection with the Proposed Transaction. Investment banking firms that have long-standing, close relationships with management and directors might be inclined to provide favorable advice to ensure lucrative business in the future.

46. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Opinion of RP Financial – Bay Bancorp's Financial Advisor; and (iii) Opinion of Hovde Group – Bay Bancorp's Financial Advisor.

47. The Registration Statement omits material information relating to the background leading to the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

48. The Registration Statement fails to disclose all of the material facts relating to the retention of Hovde Group and RP Financial in connection with the Proposed Transaction. The Registration Statement indicates that, in March 2017, the Board received investment banking advice and presentations regarding merger market and potential opportunities from each of Hovde Group (whose CEO, S. Hovde, is a director of Bay) and Keefe, Bruyette & Woods, Inc. ("KBW"), "who has advised Bay Bancorp on a variety of matters over the years." On April 13, 2017, after receiving presentations from Hovde Group and KBW, a special committee of Bay's Board (the "Special Committee") "concluded that it should interview a third firm and selected RP Financial as the third candidate." On April 25, 2017, the Special Committee discussed the three potential bankers and "agreed to limit the candidates to KBW and Hovde Group." On June 5, 2017, the Special Committee met and voted to recommend that the Board engage Hovde Group as its financial advisor. However, after Hovde Group provided financial advisory services to the Board for months, on September 7, 2017, the Board determined to "seek a fairness opinion from an independent investment banking firm," and the Board subsequently engaged RP Financial to provide that fairness opinion.

49. Despite providing this general background information, defendants failed to fill in the gaps of conspicuously absent material information that stockholders would want to know in assessing the Board's actions and whether to approve the Proposed Transaction. In particular, the Registration Statement fails to disclose: (i) the reason the Special Committee concluded on April 13, 2017 that it should interview a third firm, and particularly RP Financial, as the third candidate; (ii) the reason the Special Committee determined on April 25, 2017 that RP Financial should be eliminated from the potential banker candidates; (iii) the reason the Special Committee determined on June 5, 2017 to select Hovde Group as its financial advisor over KBW, including whether the Special Committee considered any potential conflicts of interests that might arise from Hovde Group's or KBW's engagement; (iv) the reason the Board determined on September 7, 2017 that it should seek a fairness opinion from an independent investment banking firm; and (v) the reason the Board determined to engage RP Financial to provide that fairness opinion, despite the fact that the Special Committee determined on April 25, 2017 that RP Financial should be eliminated from the potential banker candidates.

50. The Registration Statement states that "Bay Bancorp, through Hovde Group, entered into confidentiality agreements with five other financial institutions between June 26, 2017 and July 21, 2017." The Registration Statement, however, fails to disclose the terms of those confidentiality agreements, including whether they contain a standstill and/or "don't ask, don't waive" provision that are or were preventing those counterparties from submitting superior offers to acquire the Company. Notably, it is likely that such provisions do exist in light of the fact that Section 5.7(a)(ii) of the Merger Agreement provides, in part, that Bay shall not "release any Person from, waive any provisions of, or fail to enforce any confidentiality agreement or standstill agreement to which BYBK or any BYBK Subsidiary is a party." The disclosure of this

information, moreover, is particularly important here because, according to the Registration Statement, at least one interested party submitted two offers to acquire the Company during the pendency of an exclusivity agreement between Bay and Old Line, which Bay ignored pursuant to the exclusivity agreement. Stockholders are entitled to know whether this (or any other) interested party is currently being prohibited from submitting a superior offer to acquire Bay.

51. Relatedly, the Registration Statement states that, on July 28, 2017, "Bay Bancorp, through Hovde Group, received letters of interest from four of the other institutions with which it had entered into confidentiality agreements." It further indicates that, on September 8, 2017, "Hovde Group received an unsolicited revised letter of intent from one of the other institutions with which it had entered into a confidentiality agreement," and on September 15, 2017, "Hovde Group received another unsolicited letter of intent from the other financial institution," but that neither Bay nor Hovde Group responded to the interested financial institution. The Registration Statement, however, fails to disclose any of the terms of the proposals submitted by the four interested parties. Stockholders are entitled to know the economic and other terms of the offers to acquire the Company so that they can assess whether the Board has acted in the stockholders' best interests and accepted the highest possible offer.

52. Finally, the Registration Statement must clarify and fully disclose certain information relating to the Board's final decision and vote to approve the Proposed Transaction. Specifically, the Registration Statement indicates that the Board met on September 27, 2017 to approve the Merger Agreement, and that "[a]ll directors other than Mark Caplan were present." It also states that the "directors of Bay Bancorp who were in attendance unanimously" approved the Merger Agreement and the Proposed Transaction. However, in Article III, Section 3.3(e) of the Merger Agreement, Bay represented that the Board adopted the Merger Agreement "by the

unanimous vote of the entire board of directors at a meeting duly called and held."

53. The Registration Statement must clarify whether Caplan ever voted for or against the Proposed Transaction, and if Caplan voted against, or abstained from voting on, the Proposed Transaction, the Registration Statement must provide Caplan's reasons for doing so. Further, the Registration Statement must disclose whether the Board, or any of its members, discussed whether S. Hovde and E. Hovde should abstain from the vote on the Proposed Transaction in light of the fact that the investment banking company that they founded, Hovde Group, stands to make a substantial amount of money if the Proposed Transaction closes.

54. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Bay Bancorp's Reasons for the Merger and Recommendation of the Board of Directors; (iii) Opinion of RP Financial – Bay Bancorp's Financial Advisor; and (iv) Opinion of Hovde Group – Bay Bancorp's Financial Advisor.

55. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Bay's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Bay

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Bay is liable as the issuer of these statements.

58. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

59. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

60. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

61. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

62. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

63. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

### COUNT II

#### Claim for Violation of Section 20(a) of the 1934 Act
#### Against the Individual Defendants and Old Line

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants and Old Line acted as controlling persons of Bay within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Bay and participation in and/or awareness of the

Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66. Each of the Individual Defendants and Old Line was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

68. Old Line also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

69. By virtue of the foregoing, the Individual Defendants and Old Line violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants and Old Line had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934

Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

Dated: December 14, 2017

GOLDMAN & MINTON, P.C.

By: _____
Thomas J. Minton – No. 03370
3600 Clipper Mill Rd., Suite 201
Baltimore, Maryland 21211
Phone (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com
*Attorneys for Plaintiff*

OF COUNSEL:

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 14, 2017

                  **GOLDMAN & MINTON, P.C.**

By: _____
Thomas J. Minton – No. 03370
3600 Clipper Mill Rd., Suite 201
Baltimore, Maryland 21211
Phone (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com
*Attorneys for Plaintiff*

## CERTIFICATION OF PLAINTIFF

I, Adam Franchi ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the Bay Bancorp, Inc. (NasdaqCM: BYBK) security that is the subject of this action during the class period is/are as follows:

PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 7/27/17 | 105 | $7.90 |
| | | |
| | | |
| | | |

SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*Please list additional transactions on separate sheet of paper, if necessary.*

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.    During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of November, 2017.

*[signature]*
Adam Franchi